# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:11-CV-147-RJC-DCK

| | |
|---|---|
| IVETTE T. ECHENIQUE, | ) |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| CONVERGYS and ONSTAR, | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on Defendants' "Motion To Dismiss" (Document No. 6). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the motion, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be granted.

## I. BACKGROUND

*Pro se* Plaintiff Ivette T. Echenique ("Plaintiff") filed her "Complaint" (Document No. 2) on March 25, 2011, alleging employment discrimination pursuant to Title VII of the Civil Rights Act of 1964 as amended, and the Age Discrimination in Employment Act ("ADEA"). Specifically, Plaintiff's Complaint contends that she was discriminated against by the above-named Defendants with respect to her race, color, sex, national origin, and age. (Document No. 2, p.3). On March 28, 2011, the presiding district judge, the Honorable Robert J. Conrad, Jr., issued an "Order" (Document No. 3) allowing Plaintiff to proceed *in forma pauperis*.

On May 5, 2011, Defendant Convergys Customer Management Group Inc. ("Defendant CMG") filed the pending "Motion To Dismiss" (Document No. 6), along with a "Memorandum In Support Of Motion To Dismiss" (Document No. 7). Defendant CMG notes for the Court that CMG

and Defendant Onstar "are separate and distinct corporate and legal entities." (Document No. 7, p.1, n.1). Plaintiff's Complaint and Summons indicate her belief that CMG and Onstar are the same entity, or at least share the same address and legal counsel, Jason Murphy. (Document Nos. 1 and 4). Defendant CMG asserts that Jason Murphy is not an employee of Onstar. (Document No. 7, p.2, n.2). As such, it does not appear that Defendant Onstar has been served process in this action.

Defendant CMG moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and Rule 12(b)(1). (Document No. 6). The undersigned issued an "Order" (Document No. 9) on May 6, 2011, in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff that she had the right to respond to Defendant CMG's "Motion To Dismiss" (Document No. 6) on or before May 23, 2011. Plaintiff filed a timely response to the pending motion on May 23, 2011 (Document No. 10). Defendant CMG filed its "Reply In Support Of Defendant's Motion To Dismiss" (Document No. 11) on June 3, 2011. As such, immediate review of the pending motion and recommendation for disposition to the presiding district judge is now appropriate.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009), quoting Twombly, 550 U.S. at 570; see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

2

misconduct alleged." Iqbal, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(citations omitted).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

Defendant CMG presents two main arguments in support of its motion to dismiss: (1) Plaintiff alleges claims under the Age Discrimination in Employment Act and Title VII of the Civil Rights Act of 1964, but fails to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6); and (2) Plaintiff failed to properly plead that she has complied with the statutory administrative prerequisites to pursue the causes of action identified in the Complaint, and has failed to adequately plead the basis for this Court's jurisdiction. (Document No. 6). The undersigned finds Defendant CMG's arguments to be persuasive and supported by relevant legal authority. Moreover, the undersigned does not find that Plaintiff has plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

3

alleged" or "enough facts to state a claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949, 1960.

Even liberally construing the *pro se* litigant's Complaint, the undersigned does not find sufficient factual allegations to support Plaintiff's claims of discrimination. Plaintiff contends that Defendants discriminated against her with respect to her race, color, sex, national origin, and age when they failed to employ her. (Document No. 1, p.3). Specifically, Plaintiff alleges that the fact that she filled out an application requesting date of college graduation, social security number, name, birthplace, and residences, forms the basis for her claim of age discrimination. (Document No. 1, p.4). Furthermore, Plaintiff seems to base her race, national origin, color, and gender claim on the fact that one or both of the Defendants displayed "hiring ads" that depicted younger applicants or employees that included black men and women. Id.

Plaintiff's allegations fail to show how Defendants could have known Plaintiff's age, race, color, or national origin, much less provide plausible support for a claim that she was discriminated against based on any of those characteristics. Plaintiff acknowledges that she was never interviewed for a position, and her Complaint does not address whether she ever met with, or spoke to, a representative of either Defendant. Id. Assuming Defendants knew Plaintiff's gender, her own allegations indicate that it was Defendants' practice to employ both men and women. Even if Defendants could have estimated her age based on her college graduation, there is no evidence or allegation as to how old Plaintiff was at the time of the alleged discrimination, or that she was discriminated against based on age.

Defendant CMG's motion and supporting briefs are thorough and compelling. (Document Nos. 6, 7, and 11). Defendant CMG notes that Plaintiff has failed to allege even the basic requirements of a discrimination claim. (Document No. 7). For example, she has not identified the

4

position for which she applied, has not alleged facts showing she was qualified for a specific position, or alleged that the position remained open or that Defendants hired an applicant outside her protected class.  Id.

Defendant CMG also makes a persuasive argument that Plaintiff's claims are procedurally defective.  "Plaintiff has failed to plead facts indicating that she timely complied with statutory administrative prerequisites prior to filing her Complaint."  (Document No. 7, p.9).  Plaintiff was required to file a Charge of Discrimination with the EEOC within one-hundred eighty (180) days of the alleged discriminatory action; however her contention that the discrimination occurred "on or about 2009-2010," and that she filed a Charge with the EEOC "on or about 2010," fails to show that she timely complied with the administrative prerequisites.  (Document No. 7, pp.9-10; Document No. 2, pp.2-3).  There is also a lack of evidence showing the claims Plaintiff included in her Charge with the EEOC, which determines the scope of her federal lawsuit.  (Document No. 7, p.10).

Plaintiff filed a timely response to the pending motion; however, that response fails to explain, or even address, the defects in her Complaint.  (Document No. 10).  Lacking sufficient support or argument for her position, the undersigned must conclude that Plaintiff has failed to plausibly allege violations of federal law and rights, and therefore, dismissal of this action is appropriate.

### IV.  RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant Convergys Customer Management Group Inc.'s "Motion To Dismiss" (Document No. 6) be **GRANTED**.

## V.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14)** days of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Diamond, 416 F.3d at 316;  Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003);  Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989);   Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to the *pro se* Plaintiff by certified U.S. Mail.

**IT IS SO RECOMMENDED**.

Signed: June 30, 2011

David C. Keesler
United States Magistrate Judge