UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-147-RJC-DCK

| IVETTE T. ECHENIQUE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| CONVERGYS and ONSTAR, | ) | |
| Defendants. | ) | |

**THIS MATTER** comes before the Court on Defendant Convergys's ("CMG")[1] Motion to Dismiss, (Doc. No. 6), the Magistrate Judge's Memorandum and Recommendation ("M&R"), recommending that this Court grant CMG's motion, (Doc. No. 12), and Plaintiff Ivette T. Echenique's ("Plaintiff") objections, (Doc. No. 13).

I.  **BACKGROUND**

Plaintiff filed her complaint, (Doc. No. 2), on March 25, 2011, alleging employment discrimination pursuant to Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act ("ADEA"). Specifically, Plaintiff's complaint contends that she was discriminated against by the above-named defendants with respect to her race, color, sex, national origin, and age. (Doc. No. 2 at 3).

It does not appear that Defendant OnStar has been served process in this action. Plaintiff served Jason Murphy, Convergys's in-house counsel, believing that CMG and OnStar are the

---

[1] Defendant Convergys represents to the Court that Plaintiff applied for employment with Convergys Customer Management Group Inc. ("CMG"). (Doc. No. 7 at 1 n.1). Convergys further asserts that CMG and Convergys Corporation are separate legal entities. (Doc. No. 11 at 2). Although Plaintiff served Converys Corporation's in-house counsel, Jason Murphy, CMG has voluntarily appeared in this action because it is clear that Plaintiff intended to sue CMG. Therefore, the Court will refer to Convergys as CMG.

same entity, or at least share the same address and legal counsel, Jason Murphy. (Doc. Nos. 1; 2-2; 4; 5). CMG asserts that it and Defendant OnStar "are separate and distinct corporate and legal entities." (Doc. No. 11 at 1 n.1). Jason Murphy appears to be an employee of Convergys Corporation, however, and not OnStar or CMG. (Doc. Nos. 7 at 2 n.2; 11 at 2). As such, it appears that OnStar has not been served with process.

CMG moved to dismiss Plaintiff's case under Federal Rules of Civil Procedure 12(b)(1) and (6). (Doc. No. 6). CMG argues that this Court lacks subject matter jurisdiction over Plaintiff's claims because she failed to properly plead exhaustion before the Equal Employment Opportunity Commission ("EEOC"). (Id.). CMG argues, alternatively, that Plaintiff's claims fail to state a claim upon which relief can be granted. (Id.). The Magistrate Judge recommended granting CMG's motion on both grounds. (Doc. No. 12). Plaintiff objects that she timely filed her EEOC charge and argues that her allegations were sufficient to state a claim for discrimination. (Doc. No. 13).

## II. STANDARD OF REVIEW

The district court may assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the

2

magistrate judge's proposed findings and recommendations." Id.

In its review of a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs, Inc. v. Matakari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## III. ANALYSIS

CMG argues that Plaintiff failed to sufficiently plead subject matter jurisdiction. (Doc. No. 6). "[W]hen a defendant asserts that the complaint fails to allege sufficient facts to support subject matter jurisdiction, the trial court must apply a standard patterned on Rule 12(b)(6)." Kerns v. United States, 585 F.3d 187, 193 (4th Cir. 2009). "[F]ailure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009). Plaintiff must have filed her charge of discrimination before the EEOC within 180 days of the alleged acts of discrimination in order to properly exhaust her administrative remedies. 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(1)(A). Plaintiff bears the burden to "allege and prove filing of a timely charge of discrimination." United Black Firefighters of Norfolk v. Hirst,

604 F.2d 844, 847 (4th Cir. 1979). "The EEOC charge defines the scope of the plaintiff's right to institute a civil suit." Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002).

Plaintiff has failed to sufficiently plead that she filed her EEOC charge within 180 days of the alleged acts of discrimination. Plaintiff has not provided the Court with her EEOC charge. This District's form complaint asks pro se plaintiffs to provide the month, day, and year when the discriminatory acts occurred and when the plaintiff filed charges with the EEOC. (Doc. No. 2). Plaintiff responded that the acts occurred on or about "2009-2010" and she filed charges with the EEOC on or about "2010." (Id.). Even accepting this allegation as true, Plaintiff filed outside her 180-day window if CMG denied her employment application before July 2009.

Plaintiff has argued that she timely filed her EEOC charge and states that her timeliness "can be proven." (Doc. Nos. 10 at 2; 13 at 1). CMG first raised this issue on May 5, 2011. (Doc. Nos. 6; 7). The Court warned Plaintiff on May 6, 2011 that she must respond to CMG's motion or risk the Court dismissing her case. (Doc. No. 9). Plaintiff responded that she "filed in a timely matter to both EEOC and your Court." (Doc. No. 10 at 2). On June 30, 2011, the Magistrate Judge found that Plaintiff failed to plead that she timely filed her EEOC charge or that she exhausted each of her discrimination claims before the EEOC. (Doc. No. 12). Plaintiff's objection stated that she timely filed and that this "can be verified." (Doc. No. 13 at 1). It is Plaintiff's burden to sufficiently plead this Court's jurisdiction. Hertz Corp. v. Friend, 130 S. Ct. 1181, 1194 (2010). She has failed to sufficiently plead when the allegedly discriminatory acts occurred, when she filed her EEOC charge, and which of her instant claims she included in her EEOC charge. Therefore, Plaintiff has failed to sufficiently plead this Court's subject matter jurisdiction. CMG's Motion to Dismiss, (Doc. No. 6), is **GRANTED** on this basis. The Court does not reach CMG's 12(b)(6) argument because the Court lacks

4

jurisdiction.

While OnStar has not moved to dismiss, and was likely never served in this case, Plaintiff's claims against OnStar must also be dismissed for lack of jurisdiction. The Court has an independent obligation to examine its own jurisdiction and may raise the issue sua sponte. Andrus v. Charlestone Stone Prods. Co., Inc., 436 U.S. 604, 608 n.6 (1978). As shown above, Plaintiff has failed to plead that she exhausted her claims before the EEOC. Plaintiff's case must be **DISMISSED**.

**IV. CONCLUSION**

Plaintiff has failed to plead that she exhausted her claims before the EEOC and her case must be **DISMISSED**.

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 12), is **ADOPTED**;

2. CMG's Motion to Dismiss, (Doc. No. 6), is **GRANTED**;

2. Plaintiff's objections, (Doc. No. 13), are **DENIED**; and

3. Plaintiff's case is **DISMISSED**.

Signed: December 5, 2011

Robert J. Conrad, Jr.
Chief United States District Judge